# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS MUÑOZ,

        Applicant,

        v.                                              CV 10-654 RB/WPL

ERASMO BRAVO, et al.

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Juan Carlos Muñoz has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I recommend that the application be denied as untimely.

### PROCEDURAL AND FACTUAL BACKGROUND

A jury found Muñoz guilty of shooting at or from a motor vehicle, aggravated battery, and two counts of aggravated assault. (Doc. 6 Ex. A[1] at 1.) Nine months later, Muñoz pled guilty to murder in the second degree. (*Id.* at 2.) On April 22, 2003, he was sentenced to twenty-five years in prison to be followed by two years on probation. (Ex. A at 1, 3.) He appealed his conviction to the New Mexico Court of Appeals, where the conviction was affirmed, and then he petitioned the New Mexico Supreme Court for certiorari. (Exs. F, L, M.) The court originally granted the writ of certiorari; it was subsequently quashed on December 5, 2005 after the briefing was complete. (Exs. P, T.) Muñoz filed a state petition for a writ of habeas corpus, which was dismissed in full on April 29, 2010. (Ex. V.) He petitioned for certiorari review, and the New Mexico Supreme Court denied the petition. (Exs. Z, AA.)

---

[1] Unless otherwise noted, all exhibits are to Doc. 6.

In his § 2254 petition, filed July 12, 2010, Muñoz raises four grounds. (Doc. 1 at 6-12.) First, he alleges that he was denied compulsory process for obtaining witnesses in his favor. (*See* Doc. 1 at 6; Ex. Z at 2.) He claims that his subpoenas were not served by the sheriff, and that the witnesses who did not appear would have presented exculpatory evidence on his behalf. (Doc. 1 at 6.)

Second, Muñoz alleges the he was denied due process because the prosecutor, rather than the judge, read the instructions to the jury. (*See* Doc. 1 at 8; Ex. Z at 2.) He states that, while reading the instructions, the prosecutor also instructed the jury to find him guilty on all counts. (Doc. 1 at 8.)

Third, Muñoz alleges prosecutorial misconduct. (*See* Doc. 1 at 9; Ex. Z at 2.) He asserts that the prosecutor downplayed prior acts of violence by the victims and told the jury that the deceased was "a pillar of the community." (Doc. 1 at 9.) He also claims that the prosecutor failed to reveal that the deceased's volunteer work was mandated as part of a criminal sentence. *Id.*

Fourth, Muñoz alleges that the prosecution offered the victims special plea agreements in exchange for their testimony against him. (*Id.* at 11.) He states that the nature of these agreements was not disclosed to the defense, and that these witnesses were never charged even though they testified that they had committed crimes. *Id.*

In their answer to Muñoz's petition, Erasmo Bravo and Gary King concede that Muñoz has exhausted his claims; they, however, assert that the petition is time barred. (Doc. 6 at 1, 7, 8-9.) They contend that the time period for filing expired on March 6, 2007, one year and ninety days after the entry of the order dismissing Muñoz's petition for writ of certiorari. (*Id.* at 8 (citing Ex. T).)

Based on this response, I ordered Muñoz to reply. (Doc. 7.) In his reply, just as in his

petition, Muñoz alleged that the prison law libraries contained no information on the statute of limitations for federal habeas petitions. (*See* Doc. 1 at 14; Doc. 8 at 1.)

## DISCUSSION

All habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 are subject to a one-year limitation period that runs from the latest of four possible dates. 28 U.S.C. § 2244(d)(1). Generally, this period runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005). The judgment becomes final when direct review concludes or when the time for seeking review expires. 28 U.S.C. § 2244(d)(1)(A).

Where, as here, a defendant pursues a direct appeal through the state court of last resort, the limitation period begins to run either when the United States Supreme Court denies certiorari or when the ninety-day period for filing a petition for certiorari expires. *Locke v. Saffle*, 237 F.3d 1269, 1271, 1273 (10th Cir. 2001). The time to file a petition for certiorari with the United States Supreme Court "'runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .'" *Clay v. United States*, 537 U.S. 522, 527 (2003) (quoting SUP. CT. R. 13(3)). Therefore, the general limitation period for Muñoz began ninety days after the New Mexico Supreme Court quashed its writ of certiorari, or on Monday, March 6, 2006. From that date, Muñoz had one year, or until March 6, 2007, to file his § 2254 petition. 28 U.S.C. § 2244(d)(1). He did not file this § 2254 petition until July 12, 2010. (Doc. 1 at 6-12.) Therefore, unless the period runs from a later date under one of the other provisions of 28 U.S.C. § 2244(d)(1) or equitable tolling applies to extend the limitations period, Muñoz's petition is time-barred.

Muñoz does not explicitly state that tolling should apply, though he does offer a reason for the delay in his petition. (Doc. 1 at 14; Doc. 8 at 1.) Muñoz claims that he did not have access to the Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. 1 at 14; Doc. 8 at 1.) He states,

3

"At time of pending appeals from trial, the law library at Southern New Correctional Facility and Lea County Correctional Facility did not have AEDPA legal information at the relevant time of need to proceed." (Doc. 1 at 14.) He added that he was incarcerated in those facilities during his direct appeal up to the commencement of his post-conviction proceedings, and that both facilities had insufficient legal information to advise him "of all AEDPA rules." (Doc. 8 at 1.) Because Muñoz is *pro se*, I must "construe his arguments liberally." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)). Thus, I will construe his statements as arguments for both the application of 28 U.S.C. § 2244(d)(1)(B) and equitable tolling.

**A.     Application of 28 U.S.C. § 2244(d)(1)(B)**

In certain circumstances, the one-year period may start after the date that the judgment becomes final. 28 U.S.C. § 2244(d)(1)(B)-(D). The only one of these sections that is potentially relevant to the case at hand is § 2244(d)(1)(B). § 2244(d)(1)(B) requires that a petitioner demonstrate that there was an impediment that both prevented the applicant from filing and was created by State action in violation of the Constitution or laws of the United States. If this applies, the period starts on the date that the impediment is removed. *Id*.

I have found no case where the Tenth Circuit has applied § 2244(d)(1)(B) to delay the start of the one-year period when the petitioner alleges inadequacies in the prison's law library. In fact, the court has held that a petitioner who alleged that he did not have access to a legal research facility failed to demonstrate an impediment. *Paolone v. Haun*, 52 F. App'x 478 (10th Cir. 2002). In that case, the petitioner contended that "he was unaware of the one-year AEDPA deadline," but he failed to "allege specific facts that demonstrate how the alleged denial of these materials impeded his ability to file a federal habeas petition . . . ." *Id.* at 480. In a persuasive opinion, where the

petitioner alleged that the prison library did not include AEDPA, the court found that the petitioner did not demonstrate that he was prevented from filing. *Williams v. Estep*, 259 F. App'x 69, 71-72 (10th Cir. 2007) (explaining that the petitioner failed to both "allege that he sought to obtain a copy of AEDPA" and "identify a causal link between the library's failure to stock a copy of AEDPA and his inability to file a habeas petition within the appropriate time period.").[2]

Though not binding, other districts in this circuit have been even more explicit. For example, the Northern District of Oklahoma rejected a habeas petitioner's argument that his one-year period tolled until the prison's "law library obtained a complete copy of the United States Code Annotated." *Carbray v. Franklin*, No. 05-CV-560, 2007 WL 3311428, at *4 (N.D. Okla. Nov. 5, 2007). The court clearly stated that "[a]n inadequacy in the holdings of the law library does not constitute an 'impediment' which prevented Petitioner from filing a habeas corpus petition as provided under 28 U.S.C. § 2244(d)(1)(B)." *Id.*

In his petition and reply, Muñoz cites *Egerton v. Cockrell*, 334 F.3d 433 (5th Cir. 2003). (Doc. 1; Doc. 8.) In that case, the petitioner alleged, among other deficiencies, that the book containing 28 U.S.C. § 2244(d)(1) was not available in the prison. *Id.* at 435. The Fifth Circuit held that the absence of AEDPA from a prison law library "is just as much of an impediment as if the State were to take 'affirmative steps' to prevent the petitioner from filing an application." *Id.* at 438. In so ruling, the court was forced to distinguish two previous cases where it found that the same inadequacy was not an impediment. *Id.* at 437 (citing *Bajawalder v. Johnson*, 252 F.3d 1357 (5th Cir. 2001); *Felder v. Johnson*, 227 F.3d 260 (5th Cir. 2000)). The court based its distinction on the

---

[2] The facts of *Williams* are somewhat distinct from the facts here. There, it was apparent to the court that the petitioner had no knowledge of AEDPA before filing his habeas petition. Thus, the court found that, even had the library included AEDPA, "it would not have availed" him. *Id.* at 72. Here, it is not clear from Muñoz's petition and reply when he acquired knowledge of AEDPA.

petitioners' knowledge of AEDPA. *Id.* at 437-38. Felder filed his petition prior to gaining knowledge of AEDPA, and Bajawalder was aware of AEDPA's existence during the one-year period. In contrast, the district court found that Egerton did not file until after learning of AEDPA, which occurred after the one-year period ran. *Id.* The Tenth Circuit has not made this distinction. *See Hill v. Workman*, 141 F. App'x 754, 756-57 (10th Cir. 2005) (citing *Egerton* and declining to apply it where a petitioner claimed he was unaware of AEDPA until after receiving the magistrate judge's report and recommendations).

Additionally, Muñoz cites *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000). (Doc. 1 at 14; Doc. 8 at 1.) There, the Ninth Circuit remanded a case to the district court for an evidentiary hearing on the issue of tolling, either under § 2244(d)(1)(B) or the doctrine of equitable tolling, because the petitioner alleged that AEDPA was not available in the prison library. *Whalem/Hunt*, 233 F.3d at 1148. The court recognized that the inquiry for tolling is highly fact dependent. *Id.* Through its decisions on this issue, the Ninth Circuit has created a policy of holding evidentiary hearings or otherwise developing a record when habeas petitioners allege deficiencies in the prison library. *See id.*; *Determann v. Lampert*, 150 F. App'x 623 (9th Cir. 2005); *Alexander v. Newland*, 20 F. App'x 662 (9th Cir. 2002). In essence, the decisions of the Ninth Circuit place an additional burden on the prison and the state, requiring them to present evidence on the condition of the prison libraries. The Tenth Circuit has not taken this route; in this circuit, the burden is on the petitioner to present evidence that there was an unconstitutional impediment. *See Paolone*, 52 F. App'x 478, 480; *Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001).

Here, Muñoz has simply alleged that the libraries at two prisons did not contain AEDPA. He has not alleged that he sought out a copy of the statute. He has not identified a causal connection between the lack of knowledge of AEDPA and the delayed filing. Just as in *Paolone*, he has alleged

6

no specific facts to explain why the alleged absence of AEDPA from the library collection impeded his ability to file his federal habeas petition. Even assuming his allegations to be true, Muñoz has not demonstrated an impediment causing his delay. Therefore, the one-year period runs from the date that the judgment against him became final.

**B.      Application of Equitable Tolling**

The limitation period for § 2254 petitions is not absolute and may be subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Equitable tolling is available if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (citation omitted) (internal quotation marks omitted); s*ee also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). The petitioner bears the burden of establishing his entitlement to equitable tolling. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

The Tenth Circuit has repeatedly declined to find equitable tolling warranted where habeas petitioners allege that the legal facilities in prisons are inadequate and/or that the law library lacks a copy of AEDPA. *See, e.g.*, *Berry v. Ray*, 229 F. App'x 697 (10th Cir. 2007) (alleging no law library); *Bisner v. Clark*, 217 F. App'x 772 (10th Cir. 2007) (alleging no law library and no knowledge of the limitations period); *Alexander v. Watkins*, 49 F. App'x 770 (10th Cir. 2002) (alleging illiteracy and no AEDPA information in library without supporting evidence). In fact, I have found no case in which the Tenth Circuit has applied equitable tolling where the petitioner alleges that he did not have access to or knowledge of AEDPA and the statute of limitations. No exception is warranted here.

The diligence prong of the equitable tolling test requires that a petitioner exercise "reasonable diligence" in pursuing judicial remedies. *Holland*, 130 S.Ct. at 2565 (citing *Lonchar*

*v. Thomas*, 517 U.S. 314, 326 (1996)). There, the court found that the petitioner had exercised reasonable diligence by writing numerous letters to his attorney seeking information, repeatedly contacting the state courts and bar association, and filing his federal habeas petition on the same day he discovered that the limitations period had expired. *Id.*

In this case, two years and nearly eight months passed after the final judgment with no action by Muñoz. (Doc. 6 Ex. BB at 1-3.) Once his petition for certiorari was dismissed, following the dismissal of his state habeas petition, he waited a month to file this § 2254 petition. *Id.*; Doc. 1. In addition, Muñoz has offered no specific information about the steps that he took to diligently pursue his claim. A petitioner who seeks equitable tolling is required to do so in order to meet his burden. *See Miller*, 141 F.3d at 978. Therefore, I find that Muñoz has not demonstrated diligence.

The second prong of the test requires that the petitioner demonstrate that a rare and extraordinary circumstance prevented timely filing. *Holland*, 130 S.Ct. at 2562. The Tenth Circuit has held that "rare and exceptional circumstances" include those where the petitioner is actually innocent, an adversary or an uncontrollable circumstance prevents timely filing, or a petition is timely filed but is defective. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted). As a general rule, ignorance of the law is not a ground for equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

While the Tenth Circuit has not explicitly foreclosed the possibility that a lack of access to library materials could be a basis for equitable tolling, *Garcia-Dominguez v. Mahaffey*, 17 F. App'x 827, 828 (10th Cir. 2001), I have found no case where the Tenth Circuit has applied the doctrine to such a circumstance. *See Alexander v. Watkins*, 49 F. App'x 770, 772 (10th Cir. 2002) (stating that the petitioner's "conclusory declarations about conditions in the prison library are the only support

for his allegations [that the library does not contain AEDPA or information about AEDPA] and, as such, are insufficient to establish the existence of an extraordinary circumstance sufficient to support equitable tolling."); *Gibson*, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling."); *Miller*, 141 F.3d at 978 ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").[3]

Muñoz has not met his burden of demonstrating the existence of an extraordinary circumstance. Just as in the cases cited above, Muñoz has simply made conclusory statements that AEDPA was not included in the prison's library collection. He has offered no evidence in support of that statement. Even if he had, he would still be required to show that he had made efforts to obtain the materials in diligently pursuing his claims. *See Miller*, 141 F.3d at 978. Muñoz has failed to meet his burden to establish that equitable tolling should apply. Thus, I find that Muñoz had one year from the entry of final judgment, or until March 6, 2007, to file his federal habeas petition and that tolling does not apply to extend the one-year period.

---

[3] The Ninth Circuit case cited by Muñoz does not contain a different analysis; it simply states that not making AEDPA available to prisoners may constitute grounds for equitable tolling. *Whalem/Hunt*, 233 F.3d at 1148. However, as discussed above, that circuit places the burden on the prison and the state to demonstrate either that AEDPA is available to inmates or that its absence is not rare and exceptional. *Id.* This is not the rule in the Tenth Circuit.

## CONCLUSION

For the reasons stated above, I recommend that Muñoz's petition for a writ of habeas corpus be denied. Furthermore, Lucero has not made a substantial showing of the denial of a constitutional right. I therefore recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE