# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS MUÑOZ,

    Applicant,

    v.                                                                                         CV 10-654 RB/WPL

ERASMO BRAVO, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 9) and Juan Carlos Muñoz's objections thereto (Doc. 10). Having conducted a *de novo* review, I find the objections to be without merit.

Muñoz admits that he filed his § 2254 petition after the expiration of the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act (AEDPA). In his objections, Muñoz reasserts that his habeas petition was not timely filed because he was incarcerated in facilities that did not have legal materials giving notice of the AEDPA time limitation. (*Id.* at 1.) Specifically, he asserts that he was placed in such facilities from June 10, 2003 until February 8, 2006. (*Id.*) He states that he did not learn of the AEDPA statute of limitations until April 23, 2010, the date that an evidentiary hearing was held on one issue included in his state habeas corpus petition, at which time his attorney advised him of the one-year period. (*Id.*) After being informed of the limitation period, Muñoz asserts that he conducted research, learned about the AEDPA, and filed his federal habeas petition. (*Id.* at 1-2.) Muñoz states, "No research or awareness of the time limits of federal habeas had become relevant until such a time of notification by state habeas counsel

Mr. Brian Tucker and inquiry to the legal library coordinator of the Petitioner's current facility . . . ." (*Id.* at 2.)  These are the same arguments that Muñoz presented in his Petition (Doc. 1) and Reply (Doc. 8), though Muñoz has provided more information regarding the relevant dates.

Muñoz also argues that the failure of the facilities to include the relevant legal resources is a fundamentally unfair act on the part of the state. (Doc. 10 at 2.) Muñoz cites *Sena v. New Mexico State Prison*, 109 F.3d 652 (10th Cir. 1997), and *York v. Galetka*, 314 F.3d 522 (10th Cir. 2003) in support. (Doc. 10 at 2.)  Those cases, however, are distinguishable from Muñoz's situation.  In *Sena*, the issue was whether the applicant's claim that he was mentally incompetent when he entered a guilty plea was procedurally barred because he failed to raise it on direct appeal.  109 F.3d 652, 654.  The *Sena* case does not address the statute of limitations, and so its language about fundamentally unfair acts does not apply.

While the court in *York* did address the statute of limitations, 314 F.3d at 524, its decision does not alter the analysis of equitable tolling performed by the Magistrate Judge (*see* Doc. 9 at 7-9). There, the applicant filed multiple federal habeas petitions, one of which was timely but dismissed by the court because he had not exhausted state remedies.  314 F.3d at 526.  He filed an exhausted petition a little more than a month after the one-year period expired, and the court applied equitable tolling to the time during which the prior petition was pending.  *Id.* at 527-28.  The court found that these facts demonstrated both diligence and extraordinary circumstances.  *Id.* at 527-28.  The Magistrate Judge analyzed both of those factors, and Muñoz has alleged no new facts regarding either his diligence or the circumstances causing the delay.[1]

---

[1] Muñoz's final argument is that the interests of justice demand an evidentiary hearing on his claims. (Doc. 10 at 2-3.)  However, because the petition is time-barred under 28 U.S.C. § 2244(d)(1), I will not reach the merits and decide whether an evidentiary hearing is warranted.

The Magistrate Judge concluded that the one-year period ran from the date that Muñoz's conviction became final, or March 6, 2006, and I agree. (*See* Doc. 9 at 3, 7.) Muñoz has failed to demonstrate that the absence of the AEDPA from the facilities where he was incarcerated was an impediment causing his late filing.[2] Furthermore, I agree with the Magistrate Judge's finding that Muñoz failed to establish either diligence or extraordinary circumstances. (*See* Doc. 9 at 7-9.) It is clear that Muñoz "simply did not know about the limitation in the AEDPA until it was too late." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted by the Court;

2) the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody is denied;

3) this cause is dismissed with prejudice; and

4) a certificate of appealability is denied.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, Muñoz asserts that he was incarcerated in facilities with inadequate legal resources only until February 8, 2006 for the first time in this appeal. (Doc. 10 at 1.) The deficiency was presumably remedied on that date. Therefore, even if the period during which the AEDPA was unavailable was tolled, Muñoz's petition would still not be timely.